UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 14-15-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ERIC WILLIAMS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

Defendant Eric Williams is currently serving a term of imprisonment of 137 months following his conviction for voluntary manslaughter in violation of 18 U.S.C. § 1112(a). [Record No. 41] Williams did not appeal his guilty plea or sentence. Although Judgment was initially entered on May 1, 2015, an Amended Judgment was entered on June 25, 2015, due to a clerical error. [*See* Record Nos. 36; 41.]

The defendant has now filed a motion requesting an extension of time to file a motion under 28 U.S.C. § 2255. [Record No. 44] As grounds for the motion, Williams indicates that he was unable to obtain the documents and materials needed for filing such a motion at an earlier time. [*Id.*, p. 1] More specifically, the documents include "dockets and federal transcripts" that Williams demanded from his trial attorney. [*Id.*, pp. 1−2] However, the Court does not have jurisdiction to consider the defendant's request for an extension at this point.

"[T]he court may not consider the timeliness of a § 2255 motion until the petition is actually filed." *Starnes v. United States*, 18 F. App'x 288, 293 n.2 (6th Cir. 2001); *see also*

*United States v. Moore*, 56 F. App'x 686, 687 (6th Cir. 2003) (citing *United States v. Leon*, 203 F.3d 162, 163–64 (2d Cir. 2000)); *Reed v. United States*, 13 F. App'x 311, 313 (6th Cir. 2001). Because Williams has not yet filed an actual petition under § 2255, this Court lacks jurisdiction to entertain his request for an extension. *See Starnes*, 18 F. App'x at 293 n.2. Nor does Williams qualify for the discretionary safety valve[1] identified in *United States v. Asakevich*, 810 F.3d 418, 424 (6th Cir. 2016) ("Some *pro se* extension motions, it is possible, may have sufficient details about the proposed § 2255 action that a district court could fairly construe the extension motion as a § 2255 action."). Although Williams refers to ineffective assistance of counsel claims he intends to address in his petition for habeas relief, he does not provide any details about those claims. [Record No. 44, p. 1] Consequently, the defendant's motion for an extension to file a habeas petition will be denied for lack of jurisdiction.[2]

To the extent Williams requests that the Court provide him with certain materials from the record, the Court notes that two provisions of the United States Code define the Government's responsibility to provide transcripts or other court documents to inmates in connection with habeas proceedings. Under 28 U.S.C. § 753(f), the Government must furnish transcripts where an inmate has authorization to proceed *in forma pauperis*, the Court finds that the § 2255 action is non-frivolous, and the court actually needs the transcript to

---

[1] That case identified another "safety valve," stating that an "extension motion may provide support for the equitable tolling of a late, but later *filed*, § 2255 action." *Asakevich*, 810 F.3d at 424. If and when Williams files a § 2255 motion, the Court may consider the extension motion in determining whether equitable tolling applies.

[2] Williams also claims that he is entitled to an extension because he has been in the Special Housing Unit for several months and because he asked his trial counsel to file a motion under § 2255, which counsel failed to do. [Record No. 44, p. 2] Upon the filing of a § 2255 motion, the Court may consider such arguments in determining whether equitable tolling applies.

rule on an issue. *See* 28 U.S.C. § 753(f). Similarly, 28 U.S.C. § 2250 allows indigent petitioners to obtain certified copies of documents or parts of the record as may be required in prosecuting a petition for habeas corpus relief. However, to be entitled to request documents under either section, Williams must have a § 2255 motion pending. *See United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990); *Walker v. United States*, 424 F.2d 278 278−79 (5th Cir. 1970); *United States v. Agbomire*, 239 F. App'x 929, 929−30 (5th Cir. 2007); *Corrigan v. Thomas*, 55 F. App'x 754, 756 (6th Cir. 2003).

Even if a habeas motion were currently pending and the defendant had been granted *pauper* status, Williams would be required to make a "showing of need." *United States v. Nelson*, No. 90-3268, 1991 WL 59411, at *1 (10th Cir. Apr. 16, 1991); *see also Wiggins v. United States*, No. CIVA103CV735BRR, 2005 WL 1362234, at *2 (S.D. Miss. June 3, 2005); *Althouse v. Cockrell*, No. 3:01-CV-0779-R, 2004 WL 377049, at *2 (N.D. Tex. Feb. 13, 2004); *Irby v. Swenson*, 361 F. Supp. 167, 167 (E.D. Mo. 1973). Here, Williams has made no showing of either "need or relevance." *Wiggins*, 2005 WL 1362234, at *2. As a result, any request for documents provided at the Government's expense will be denied.

Finally, Williams requests appointment of counsel for the potential filing of his habeas petition. [Record No. 44, p. 3] However, the United States Constitution does not provide a right to counsel in habeas proceedings. *See Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005). For most motions seeking habeas relief, requests for appointment of counsel should be considered under 18 U.S.C. § 3006A. *See* 28 U.S.C. § 2255(g). Ultimately, however, the decision to appoint counsel rests within the sound discretion of the Court, based on the interests of justice and due process. *See* 18 U.S.C. § 3006A(a)(2)(B).

Counsel should be appointed "if, given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, [he] could not obtain a lawyer on [his] own, and [he] would have had a reasonable chance of winning with a lawyer at [his] side." *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997).

Having reviewed the file of this matter, the Court does not believe that counsel should be appointed in connection with any potential motion seeking collateral relief under 28 U.S.C. § 2255. Habeas corpus is an extraordinary remedy reserved for unusual cases. At this stage of the case, appointment of counsel would be a waste of limited resources because Williams has not even filed a § 2255 motion. The Court is unable to determine if the issues Williams might raise are complex or if they are clear and can be determined from the record. Further, neither due process nor the best interests of justice indicate that counsel should be provided considering the status of the proceedings. Consequently, the defendant's motion for appointment of counsel will be denied. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Eric Williams' motion for an extension of time to file a motion under 28 U.S.C. § 2255 [Record No. 44] is **DENIED**.

2. To the extent Williams requests that the Court provide him certain documents from the record free of charge [Record No. 44], his motion is **DENIED**.

3. The defendant's motion for appointment of counsel [Record No. 44] is **DENIED**.

4. To the extent Williams requests a form application for relief under 28 U.S.C. § 2255 [Record No. 44], his request is **GRANTED**. The Clerk of Court is **DIRECTED** to

forward a copy of Form AO-0243 to the defendant at the address identified in the present motion.

This 21st day of July, 2016.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge