UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 14-15-DCR |
| | ) | and |
| V. | ) | Civil Action No. 7: 16-176-DCR |
| | ) | |
| ERIC WILLIAMS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

Defendant Eric Williams is currently serving a term of imprisonment of 137 months following his conviction for voluntary manslaughter in violation of 18 U.S.C. § 1112(a). [Record No. 41] Williams did not appeal his guilty plea or sentence. On July 21, 2016, the defendant filed a motion requesting: (i) an extension of time to file a motion under 28 U.S.C. § 2255; (ii) appointment of counsel; and (iii) that the Government provide him with certain documents from the record. [Record No. 44] The Court denied those requests. [Record No. 45]

On August 9, 2016, Williams filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, asserting various claims of ineffective assistance of counsel. [Record No. 46] In addition, he submitted a motion to proceed *in forma pauperis*, along with his inmate trust fund account statement. [Record Nos. 48; 49] As grounds for the motion for *pauper* status, Williams indicates that he requests such status for the purpose of obtaining "docket sheets" and "federal transcripts" free of charge. [Record No. 48, p. 1] Both 28 U.S.C. §§ 753(f) and 2250 require a petitioner to obtain *pauper* status before

requesting that the Court furnish documents without cost to him. Although courts often deny motions requesting *pauper* status in a § 2255 action, other courts consider such motions if they relate to a request for documents. *See United States v. Mercado*, 47 F.3d 1171 (table), 1995 WL 37964, *2 (6th Cir. Jan. 31, 1995) (explaining that the petitioner "remains free to file his § 2255 motion in federal district court and request *in forma pauperis* status and any documents necessary to support his action at that time"); *United States v. Frye*, No. 1:09CR47, 2011 WL 1100217, *1 n.1 (N.D. Ohio Mar. 18, 2011) (denying motion for *pauper* status, as moot, even though it was accompanied by a motion for transcripts at Government expense); *United States v. Chambers*, 788 F. Supp. 334, 338 (E.D. Mich. 1992) (authorizing defendant to proceed *in forma pauperis* under 28 U.S.C. § 1915 in a § 2255 proceeding). As a result, the Court will consider Williams' motion for *pauper* status.

Under 28 U.S.C. § 1915(a)(1), the Court may authorize the commencement, prosecution, or defense of a civil or criminal proceeding without prepayment of fees by "a person who submits an affidavit that includes a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefor." Here, Williams has submitted an affidavit, along with a trust fund account statement. [Record Nos. 48; 49] However, he has not listed all his assets. While the account statement may describe all his assets, the Court cannot assume that such is the case. As a result, the Court will not authorize Williams to proceed *in forma pauperis* at this time. But he may file a renewed motion with appropriate documentation.

Further, to the extent the present motion is a request for certain documents at Government expense, the Court again notes that Williams has failed to make the required

"showing of need" with regard to specific documents. *See United States v. Nelson*, No. 90-3268, 1991 WL 59411, at *1 (10th Cir. Apr. 16, 1991); *see also Wiggins v. United States*, No. CIVA103CV735BRR, 2005 WL 1362234, at *2 (S.D. Miss. June 3, 2005); *Althouse v. Cockrell*, No. 3:01-CV-0779-R, 2004 WL 377049, at *2 (N.D. Tex. Feb. 13, 2004); *Irby v. Swenson*, 361 F. Supp. 167, 167 (E.D. Mo. 1973). Consequently, any request for documents in the present motion will be denied. Accordingly, it is hereby

    **ORDERED** as follows:

    1.    Defendant Eric Williams' motion to proceed *in forma pauperis* for the purpose of obtaining documents at Government expense [Record No. 48] is **DENIED**, without prejudice.

    2.    To the extent Williams requests certain documents at Government expense, his motion [Record No. 48] is **DENIED**, without prejudice.

    This 10th day of August, 2016.



Signed By:
*Danny C. Reeves* DCR
United States District Judge