UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 7: 14-015-DCR |
| ) | and |
| V. ) | Civil Action No. 7: 16-176-DCR |
| ) | |
| ERIC WILLIAMS, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Defendant Eric Williams' motion to proceed *in forma pauperis* to have the applicable filing fee waived and to obtain the docket sheet and transcripts at the Government's expense. [Record No. 55]. Because he qualifies to proceed *in forma pauperis*, the filing fee will be waived. However, to obtain the requested documents, Williams must demonstrate that he is entitled to proceed *in forma pauperis* and demonstrate need for those documents. *See United States v. Chambers*, 788 F. Supp. 334, 338 (E.D. Mich. 1992). Here, Williams fails to demonstrate that the requested documents are necessary to decide the issues that he raises in his § 2255 claim. Accordingly, his motion to obtain documents at the Government's expense will be denied.

Under 28 U.S.C. § 1915, a litigant may proceed *in forma pauperis* once he has filed an affidavit and trust account statement that complies with this statute. *See* 28 U.S.C. § 1915(c). The statute requires that the affidavit include: (i) a "statement of all assets such prisoner possesses"; (ii) a statement "that the person is unable to pay" the filing fee or provide security for the fee; (iii) "the nature of the action, defense or appeal"; and (iv) the prisoner's

-1-

belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). Additionally, the litigant must submit a certified trust account statement. 28 U.S.C. § 1915(a)(2). Through the trust account statement and affidavit stating his assets and inability to pay the fees, Williams demonstrates that he is unable to pay the relevant fees. Accordingly, he will be permitted to proceed *in forma pauperis* and the filing fee will be waived.

When petitioners seek to obtain documents at the Government's expense, they must make a further showing of need for the documents. Pursuant to 28 U.S.C. § 753(f), a petitioner who has authorized to proceed *in forma pauperis* in a § 2255 claim may only obtain transcripts at the Government's expense if the court determines "that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or on appeal." 28 U.S.C. § 753(f). Accordingly, a petitioner is not entitled to a transcript unless he provides sufficient reason for the court to conclude that the transcript is necessary to decide his claims. *See United States v. MacCollum*, 426 U.S. 317, 326 (1976) (stating that, under § 753(f), a § 2255 litigant must demonstrate "that the transcript is needed to decide the issue presented."); *Bentley v. United States*, 431 F. 2d 250, 254 (6th Cir. 1970) (stating that a litigant cannot obtain documents at the Government's expense without demonstrating need for those documents); *Chambers*, 788 F. Supp. At 338 (denying the petitioner's motion to obtain free transcripts because, though the petitioner demonstrated entitled to proceed *in forma pauperis*, he failed to demonstrate that the documents were necessary to decide his claim).

Williams demonstrates that he is entitled to proceed *in forma pauperis*, but his motion fails to state why the documents requested are necessary for his § 2255 petition. Accordingly, it is hereby

-3-

**ORDERED** that Williams is permitted to proceed *in forma pauperis* and the filing fee is waived, but his motion [Record. No. 55] to obtain documents at the Government's expense is **DENIED**.

This 26th day of August, 2016.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge